UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 09-21197-CIV-COOKE/BANDSTRA

ALBERTO FERNANDEZ, *et al.*

    *Plaintiffs*,

v.

KROLL ASSOCIATES, INC.,

    *Defendant*,
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

This matter is before me on Defendant Kroll Associates, Inc.'s Motion to Dismiss Amended Complaint [D.E. 14], Plaintiffs' Response in Opposition [D.E. 15] and Defendant's Reply thereto [D.E. 17]. I am denying Defendant's Motion as to Count I (Breach of Contract) and Count II (Negligence).

### *I. BACKGROUND*

Plaintiffs' Amended Complaint [D.E. 12] alleges that they were approached in late 2007 about investing in a joint venture run by two non-parties to this action, Jeffrey Feuer ("Feuer") and Andres Pimstein ("Pimstein"). (Compl. at ¶ 8). SVDB and The Bottom Line of South Florida ("The Bottom Line") formed the joint venture in order to supply Apple products and other consumer electronic products to Ripley's, a department store chain that operates in Chile and Peru. (Compl. at ¶ 9). Feuer and Pimstein told Plaintiffs that the joint venture was extremely lucrative because of the personal relationships between the principals of Ripley's and The Bottom Line. (Compl. at ¶ 11). In their attempt to recruit Plaintiffs, Feuer and Pimstein represented that the investment returned up to 5% per month. (Compl. at ¶ 8).

Plaintiffs contemplated investing over $1 million in the joint venture because of the extraordinary returns. (Compl. at ¶ 12). Plaintiffs wanted to ensure that the joint venture was legitimate before investing. *Id.* Plaintiff Alberto Fernandez formally engaged Pilar Bosch, an attorney at Baker & McKenzie LLP, to determine The Bottom Line's legitimacy. *Id.* Pilar Bosch then engaged Defendant to investigate the reputation of The Bottom Line and Ripley's. *Id.* Plaintiffs also formally engaged Defendant to conduct a due diligence investigation of The Bottom Line for $2,500.00. (Compl. at ¶¶ 13, 14). After conducting the investigation, Defendant produced a detailed report on Ripley's business activities in Chile and Peru. (Compl. at ¶ 14). But Defendant failed to investigate the legitimacy of the joint venture as Plaintiffs requested. (Compl. at ¶¶ 14, 15).

Plaintiffs ultimately relied on Defendant's report and invested a total of $1,125,000.00 in the operation. (Compl. at ¶ 18). However, Plaintiffs' entire investment was lost because the joint venture never conducted any legitimate business. (Compl. at ¶¶ 17, 18). Instead, the operation run by Pimstein and Feuer was a classic Ponzi scheme designed to defraud investors by using money from new investors to pay "dividends" to old investors. *Id.*

## II. LEGAL STANDARD

In a Rule 12(b)(6) motion to dismiss, "the pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank,* 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the Plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir.1998). Nonetheless, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555–556. To survive a motion to dismiss, a complaint

must plead enough factual matter, that, if taken as true, suggests that the elements of the cause of action will be met. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007). Thus, the well-pleaded factual allegations must be taken as true, and the alleged facts must suggest the required elements of the causes of action on which Plaintiff can recover.

### III. ANALYSIS

**A. Count I - Breach of Contract**

Defendant argues that Count I of the Complaint should be dismissed because Plaintiffs have stated insufficient facts to support a claim for breach of contract. I disagree. Specifically, Defendant argues that Plaintiffs' Complaint fails to allege a valid contractual relationship between the parties. Defendant insists that it contracted with Baker & McKenzie, not Plaintiffs. Defendant's contractual relationship with Baker & McKenzie however does not preclude the existence of a separate contract between Plaintiffs and Defendant. It is also not necessary, as Defendant suggests, for Plaintiffs to attach a documented contract to the Complaint. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Federal Rule of Civil Procedure 8(a)(2) simply requires "a short plain statement of the claim showing that the pleader is entitled to relief."

Looking at the Complaint, it is clear that Plaintiffs alleged a claim for breach of contract. The elements of a breach of contract claim are (1) a valid contract; (2) a material breach; and (3) damages. *Beck v. Lazard Freres & Co., LLC,* 175 F. 3d 913, 914 (11th Cir. 1999). Plaintiffs have alleged that they formally engaged in a contract with Defendant to conduct an investigation of Pimstein and The Bottom Line for $2,500.00. In support of this allegation, Plaintiffs attached a copy of a check written by Plaintiff Alex Fernandez to Defendant in the amount of $2,500.00. The contract between Plaintiffs and Defendant was allegedly breached when Defendant failed to discover that The Bottom Line was an illegitimate business, resulting in $1,125,000.00 in damages to

Plaintiffs. Therefore, I find that Plaintiffs have stated sufficient facts in Count I of their Complaint to survive Defendant's Motion to Dismiss.

### B. Count II - Negligence

To state a cause of action for negligence, "a plaintiff must establish that the defendant owed a duty, that the defendant breached that duty, and that this breach caused the plaintiff damages." *Fla. Dep't of Corr. v. Abril*, 969 So. 2d 201, 204 (Fla. 2007). Defendant argues that Count II should be dismissed because Plaintiffs' Complaint fails to allege the existence of any duty owed by Defendant to Plaintiffs. I disagree. Plaintiffs allege that Defendant had a duty to investigate the legitimacy of The Bottom Line, SVDB, Pimstein and Feuer. According to the Complaint, Defendant breached that duty by failing to discover the joint venture's illegitimacy, causing Plaintiffs $1,125,000.00 in damages. Therefore, Defendant's Motion to Dismiss is also denied as to Count II.

### IV. CONCLUSION

Accordingly, Defendant's Motion to Dismiss Amended Complaint [D.E. 14] is **DENIED** as to Counts I and II.

**DONE AND ORDERED** in Chambers, Miami, Florida this 22ND day of January 2010.

_____
MARCIA G. COOKE
United States District Judge

cc:

The Honorable Ted E. Bandstra

All counsel of record